## VILLAGE OF SANBORN v. COUNTY OF REDWOOD.[1]

March 12, 1926.

No. 25,074.

**Resolution of village council required it to contribute one-fourth of gross expense of improvement of highway.**

A resolution of a village council appropriated from the village funds an amount sufficient to pay one-fourth of the expense of permanently improving a portion of a public highway, to be designated as a state road, payment to the county to be made as soon as the contract for the improvement was let. The United States and the state of Minnesota refunded a portion of the expense incurred by the county. The village claimed a share of the amount refunded. *Held* that the resolution obligated the village to contribute one-fourth of the gross as distinguished from the net expense of the improvement and that its claim was properly denied.

Highways, 29 C. J. p. 603 n. 30.

Action in the district court for Redwood county to recover amount paid as defendant's share of the cost of work done upon a public highway after February 1, 1919, and for part of the amount paid for work done prior thereto. Plaintiff's motion for judgment on the pleadings was granted, Olsen, J., as to the first cause of action and denied as to the second cause of action. Plaintiff appealed from that part of the judgment refusing relief upon the second cause of action. Affirmed.

*Somsen, Dempsey & Flor,* for appellant.

*George A. Barnes,* for respondent.

LEES, C.

Prior to the year 1920, the village council of the village of Sanborn, in Redwood county, adopted a resolution in part as follows:

[1] Reported in 208 N. W. 9.

"We hereby request the county board to designate the following described road as a State road, and we, the village council of said village do hereby appropriate from the village road and bridge fund an amount sufficient to pay one-fourth of the expense of surveying, grading, graveling and building bridges and culverts on said road, and to pay such amount to the county as soon as the contract for the construction of the following described road has been let." (Here followed a description of the road.)

Certain towns in Redwood county joined in the request and, acting thereon, the county board had the road improved and paid the cost thereof, part of the work being done before and part after February 1, 1919. In the Good Roads Amendment to the state Constitution, the road is designated as a state trunk highway.

Following the adoption of the amendment and the enactment of L. 1921, p. 978, c. 522, the state assumed payment of a portion of the bonds which had been issued by the county to meet the cost of the improvement. The bonds assumed amounted to $32,908.19. This sum plus $17,628.10, Federal aid received on account of work done after February 1, 1919, equaled $50,536.29. For work done prior to February 1, 1919, the county received $26,114.08 as Federal aid and $13,755.30 from the village and towns, or a total of $39,-869.38. This was but $6,422.91 less than the entire amount the county expended. The village did not ascertain these facts until after the county had been practically reimbursed. On learning the facts, the village brought this action to recover back a portion of the money it had paid to the county.

The complaint sets out two causes of action. By the first the village sought to recover $600 paid as its share of the cost of work done by the county after February 1, 1919; and by the second $3,614.60, which was part of the amount it had paid for work done prior to that date. The court allowed the first and rejected the second claim, and the village appealed from the unfavorable part of the judgment.

Since the sum the county received as Federal aid on account of work done prior to February 1, 1919, equals 56.4 per cent of the

total cost of that work, the village claims that it should receive
back 56.4 per cent of the amount it paid on account of that par-
ticular work, or $3,614.60. The basis of the claim is the resolution
of the council requesting the county board to improve the road.

If the resolution should be construed to mean that the village
was to pay one-fourth of the net as distinguished' from the gross
cost of the improvement, the claim is well founded. The resolution
must be read in the light of the circumstances under which it was
adopted. The complaint alleges that the village did not know that
the county could or would make application for Federal aid and
did not learn that it received such aid until after it made the pay-
ment in question. When the county acted on the request, it could
hardly have been within the contemplation of either the village or
the county that the cost of the improvement would be reduced by
contributions from the United States or from the state of Minnesota.
The contract for the improvement must have been let upon the sup-
position that the village and the towns would contribute one-fourth
of the total expense, payment to be made as soon as the contract
was let.

On account of work done prior to February 1, 1919, the village
made the following contributions: January 26, 1918, $1,185; July
11, 1918, $1,719.75; July 12, 1920, $3,504.30. It seeks to recover
56.4 per cent of these sums on the theory that in equity and good
conscience the county should refund that amount. In the forum
of conscience, the claim might well be looked upon with favor, for
the county unexpectedly got off with an ultimate expenditure of
very much less than it had reason to hope for when it granted the
request of the village and the towns. But there was no fraud,
oppression or unfair dealing on the part of the county. It got a
better bargain than either party supposed it had made when the
request set out in the resolution was granted. The county refuses
to share its good fortune with the village. The courts cannot com-
pel it to be generous. It may stand on the letter of the contract,
which clearly obligated the village to pay one-fourth of the total
cost of a portion of the improvement.

Much is made of the fact that the court found in favor of the village on its first cause of action. Why should the village get back all it contributed towards the expense the county incurred after February 1, 1919, and nothing at all for contributions made for work done prior to that date? Why does the fact that in one instance the total cost of the work was refunded to the county and in the other, only a portion thereof, make any difference? The questions are pertinent and it is difficult to discover a valid reason for a distinction. The briefs inform us that the county authorities conceded that the claim set up in the first cause of action should be allowed. If the concession had not been made, the court might have denied a recovery on that cause of action as well as on the second. The fact that the county made one concession does not compel it to make another, although it is probably true that the reasons for making it are equally persuasive. Of course the question would be different if the county had received more than it expended, but that situation is not presented.

We hold that the county was within its legal rights in declining to make further reimbursement, and affirm the judgment.